T.C. Summary Opinion 2006-46

UNITED STATES TAX COURT

CLIFFORD RAY WOOD, SR., AND DANIELLE DENISE LEVERING-WOOD,
Petitioners <u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15860-04S.            Filed March 29, 2006.

Clifford Ray Wood, Sr., pro se.

<u>James H. Harris</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax of $1,650 for the taxable year 2002.

The issue for decision is whether petitioners are entitled to claim a dependency exemption deduction for JW[1] for taxable year 2002.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Newark, Delaware, on the date the petition was filed in this case.

On April 24, 1999, Clifford Wood, Sr. (petitioner) and Stephanie Wood (Ms. Wood), petitioner's former wife, were married. During the marriage, petitioner and Ms. Wood had one child, JW, born in 2000. Petitioner and Ms. Wood were divorced in 2001.[2]

Petitioner and Ms. Wood's divorce was granted by a final divorce decree entered by the Family Court of the State of Delaware In and For New Castle County. On November 16, 2001, petitioner and Ms. Wood entered into a separation agreement that was incorporated into the final divorce decree. The separation

---

[1]The Court uses only the minor child's initials.

[2]After his divorce from Ms. Wood, petitioner married petitioner Danielle Denise Levering-Wood in July of 2002.

agreement was signed by petitioner, Ms. Wood, and their respective counsel. The separation agreement states, in pertinent part, as follows:

> THIS AGREEMENT, dated this 16 day of Nov., A.D., 2001, is made between STEPHANIE WOOD (hereinafter referred to as "Wife") [Ms. Wood], and CLIFFORD WOOD, SR., (hereinafter referred to as "Husband") [petitioner].

### RECITALS

> WHEREAS, the parties, Stephanie Wood and Clifford Wood, Sr., were married in due form on April 24, 1999; and
>
> WHEREAS, one child was born to the marriage of the parties; namely, * * * [JW, born in 2000];
>
> WHEREAS, diverse disputes, and unhappy differences arose between Husband and Wife, the said parties legally separated on May 25, 2001, and are planning to live separate and apart from one another during the remainder of their respective lives; and
>
> WHEREAS, the parties have reached an agreement regarding the division of their marital property and debt, custody, visitation, child support, and all other matters ancillary to their separation.
>
> NOW, THEREFOR [sic], in consideration of these facts and circumstances and of the mutual promises made in this Agreement, Husband and Wife each agree:
>
> *   *   *   *   *   *   *
>
> CHILD CUSTODY/VISITATION
>
> 3. Parties shall have joint custody with Wife being the primary residential parent.
>
> 4. Husband shall have visitation that is equivalent to the Standard Visitation Guidelines.
>
> The days that Husband shall exercise his visitation will be by mutual agreement as long as Husband notifies Wife within twenty-four (24) hours of receiving his monthly work schedule at or before the beginning of each month. Should

Husband's work schedule change from that given to Wife at the beginning of each month, Husband shall notify Wife as soon as possible or at least within twenty-four (24) hours of the date that visitation is being changed.

On April 29, 2004, the Family Court of the State of Delaware In and For New Castle County issued an Order modifying custody of JW. As the present case pertains to the taxable year 2002, such Order is not relevant. However, the Court notes that in the Order dated April 29, 2004, the Family Court of the State of Delaware ordered that Ms. Wood retain primary residential custody of JW.

Petitioners filed a Form 1040, U.S. Individual Income Tax Return, for the 2002 taxable year. Petitioners did not attach a Form 8332, Release of Claim to the Exemption for Child of Divorced or Separated Parents, or any statement, waiver, or declaration conforming to the substance of Form 8332 to their 2002 Federal income tax return. Ms. Wood did not sign a Form 8332 or any statement or waiver stating that she was releasing her claim to the exemption for JW. In their 2002 Federal income tax return, petitioners claimed a dependency exemption deduction for JW.

Respondent disallowed the claimed dependency exemption deduction for JW. Accordingly, respondent issued to petitioners a notice of deficiency determining a deficiency of $1,650 in petitioners' 2002 Federal income tax.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct. Welch v. Helvering, 290 U.S. 111, 115 (1933). In pertinent part, Rule 142(a)(1) provides the general rule that "The burden of proof shall be upon the petitioner". In certain circumstances, however, if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the proper tax liability, section 7491 places the burden of proof on the Commissioner. Sec. 7491(a)(1); Rule 142(a)(2). Credible evidence is "'the quality of evidence which, after critical analysis, * * * [a] court would find sufficient * * * to base a decision on the issue if no contrary evidence were submitted'".[3] Baker v. Commissioner, 122 T.C. 143, 168 (2004) (quoting Higbee v. Commissioner, 116 T.C. 438, 442 (2001)). Section 7491(a)(1) applies only if the taxpayer complies with substantiation requirements, maintains all required records, and cooperates with reasonable requests by the Commissioner for witnesses, information, documents, meetings, and interviews. Sec. 7491(a)(2). Although neither party alleges the applicability of section 7491(a), we conclude that the burden of

---

[3]We interpret the quoted language as requiring the taxpayer's evidence pertaining to any factual issue to be evidence the Court would find sufficient upon which to base a decision on the issue in favor of the taxpayer. See Bernardo v. Commissioner, T.C. Memo. 2004-199.

proof has not shifted to respondent with respect to the issue in the present case.

Moreover, deductions are a matter of legislative grace and are allowed only as specifically provided by statute. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Section 151(a) authorizes deductions for the exemptions provided by that section. In particular, section 151(c)(1) provides an exemption for each of a taxpayer's dependents, as defined in section 152, who is a child of the taxpayer and who has not reached the age of 19 by the close of the taxable year. Sec. 151(c)(1)(B).

Section 152(a)(1) defines the term "dependent" to include a taxpayer's child, provided that more than half of the child's support was received from the taxpayer or is treated under section 152(e) as received from the taxpayer.

In the case of a child of divorced parents, section 152(e)(1) provides as a general rule that the child shall be treated as receiving over half of his or her support from the custodial parent. Section 1.152-4(b), Income Tax Regs., provides that custody "will be determined by the terms of the most recent decree of divorce" if there is one in effect. In the event of so-called split or joint custody, "'custody' will be deemed to be with the parent who, as between both parents, has the physical

custody of the child for the greater portion of the calendar year." Id.

Thus, in the present case, because the separation agreement established that Ms. Wood was the primary residential custodian of JW throughout 2002, and because petitioner has testified that JW resided with Ms. Wood for the greater portion of the calendar year 2002, Ms. Wood was the custodial parent in 2002, and petitioner was the noncustodial parent.

Section 152(e)(2) provides an exception to the general rule of section 152(e)(1). Pursuant to that exception, the child shall be treated as receiving more than half of his or her support from the noncustodial parent if:

> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

See sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

The declaration required by section 152(e)(2)(A) must be made either on Form 8332 or on a statement conforming to the substance of that form. Id.; accord Miller v. Commissioner, 114 T.C. 184, 189 (2000), affd. sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002). The form provided by the IRS, Form

8332, calls for the following information: (1) The name of the child or children for whom an exemption claim is released; (2) the applicable tax year or years for which the claims are released; (3) the custodial parent's signature and the date of signature; (4) the custodial parent's Social Security number; (5) the noncustodial parent's name; and (6) the noncustodial parent's Social Security number. "The exemption may be released for a single year, for a number of specified years (for example, alternate years), or for all future years, as specified in the declaration." Sec. 1.152-4T(a), Q&A-4, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

In the present case, Ms. Wood, as the custodial parent, did not sign a Form 8332 or any written declaration or statement agreeing not to claim the exemption for JW, and no such form, declaration, or statement was attached to petitioners' return for the year in issue.

However, petitioner argues that he provided approximately 86 percent of JW's support for taxable year 2002, and therefore he should be entitled to claim the exemption with respect to JW. Petitioner may have provided 86 percent of JW's support for taxable year 2002; however, such a fact does not suffice to change the express requirements of section 152(e)(2). See Miller v. Commissioner, supra at 196, where this Court stated:

> The control over a child's dependency exemption conferred on the custodial parent by section 152(e)(2) was intended by

Congress to simplify the process of determining who is
entitled to claim dependency exemptions for children of a
marriage.  See H. Rept. 98-432 (Part 2), at 1498 (1984).  To
make section 152(e)(2) work as intended, that control must
be preserved by insisting on adherence to the requirements
of section 152(e)(2) * * *

The law is clear that petitioners are entitled to the child
dependency exemption for JW in 2002 only if they have complied
with the provisions of section 152(e)(2).  Petitioners have
failed in this regard.  It follows, therefore, that the exception
set forth in section 152(e)(2) does not apply and that the
general rule of section 152(e)(1) does apply.  Accordingly,
petitioners are not entitled to deduct the dependency exemption
deduction for JW for taxable year 2002.  Sec. 152(e)(1); <u>Miller
v. Commissioner</u>, <u>supra</u>.

Reviewed and adopted as the report of the Small Tax Case
Division.

<u>Decision will be entered</u>

<u>for respondent</u>.